WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Bernard Johnson,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-23-00004-TUC-AMM<br><br>**ORDER** |

      On February 19, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner John Bernard Johnson's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. (Doc. 24.) Johnson filed a timely Objection to the R&R, and Respondents filed a Response. (Docs. 30–31.) For the reasons discussed below, the Court will overrule Johnson's objections and adopt the R&R.

      A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

**I.      Background**[1]

In 1993, Johnson and Dan Landrith kidnapped and murdered a man in Southern Arizona. (Doc. 15-1 at 11–12; Doc. 15-3 at 50–51.) Johnson was seventeen years old at that time and was sentenced to life with the possibility of parole (after twenty-five years) and a consecutive twenty-one-year prison term. (Doc. 15-2 at 169–70, 182–83; Doc. 15-17 at 86, 184.) Landrith, Johnson's allegedly more-culpable co-defendant, was sentenced to the same terms. (Doc. 15-17 at 185 n.3, 187.) In 2015, Johnson petitioned for post-conviction relief under *Miller v. Alabama*, 567 U.S. 460 (2012) but was denied. (Doc. 15-14 at 16.) In 2016, however, Landrith received post-conviction relief for unexplained reasons, and his kidnapping sentence was reduced to seven years. (Doc. 15-16 at 108, 111; Doc. 15-17 at 185 n.3.) Johnson then sought post-conviction relief pursuant to *Miller* and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) and Arizona Rule of Criminal Procedure 32.1(c) asserting that the disparity between his sentence and Landrith's re-sentence rendered his sentence arbitrary and capricious. (Doc. 15-16 at 2–98.) Johnson's claims were denied.[2] In his present petition before this Court, Johnson asserts the Arizona Superior Court erred in finding the disparity between his sentence and Landrith's re-sentence is not a cognizable claim under Arizona law. (Doc. 1 at 57–71.) Johnson further asserts that his sentence is a de facto life-without-parole sentence for crimes he committed as a minor, violative of the Eighth Amendment under *Miller* and its progeny. (*Id.* at 71–110.)

**II.     Johnson's Objections**

Johnson objects to the Magistrate Judge's finding that: (1) the disparity between

---

[1] Johnson did not object to the factual or procedural background described in the R&R. (*See* Doc. 30.) After reviewing for clear error, the Court will adopt the background section. The Court provides this brief background for context.

[2] The Arizona Superior Court for Pima County found the disparity between Johnson's sentence and Landrith's lesser re-sentence does not render Johnson's sentence arbitrary and capricious because his sentence was lawfully imposed, and no abuse of discretion occurred. (Doc. 15-17 at 90–94.) Accordingly, it concluded that Johnson's claim is not cognizable under Rule 32.1(c). (*Id.*); Ariz. R. Crim. P. 32.1(c) (grounds for relief include when the sentence as imposed "is not authorized by law.") The Arizona Court of Appeals granted review and denied relief finding that the unexplained sentencing disparity—arising more than twenty years after the original equal sentences were imposed—is not cognizable under Rule 32. (Doc. 15-17 at 189) ("Rule 32 does not contemplate intervening events other than those defined in the rule, *see e.g.*, Rule 32.1(e) and (g), which do not apply here.") The Arizona Supreme Court denied review. (*Id.* at 283.)

Johnson's sentence and his co-defendant does not violate state or federal law; (2) Johnson's Eighth Amendment claim is time-barred and not entitled to equitable tolling; and (3) Johnson's Eighth Amendment claim is meritless. (Doc. 30.) Because the Magistrate Judge did not err, the Court will overrule Johnson's objections.

### A. The sentencing disparity does not violate state or federal law.

Johnson's first objection is based on the state court's finding that the unexplained sentencing disparity between Johnson and Landrith is not cognizable under Arizona law. (*Id.* at 4.) Johnson asserts that Landrith's re-sentencing is a post-sentencing "intervening judicial act" that "arbitrarily nullifies the factual basis of the original sentence in a manner that renders the original sentence unlawful." (*Id.* at 5–6.) Johnson emphasizes that because the sentencing judge originally "found the young co-actors deserving of equal sentences," Landrith's re-sentencing is a change in circumstance that is "unauthorized by law" under Rule 32.1(c). (*Id.* at 5.) Johnson objects to the Magistrate Judge's finding that *State v. Szpyrka*, 224 P.3d 206 (Ariz. App. 2010) is distinguishable, and her conclusion that his sentence does not violate state or federal law.[3] (*Id.* at 6–8.)

Johnson's reliance on *Szpyrka* is misplaced. In *Szpyrka*, the defendant's plea agreement prescribed that his sentence must be enhanced by his prior conviction. 224 P.3d at 208. When that prior conviction was later vacated, the court found his sentence could not be enhanced by a conviction that did not exist. *Id.* Because the factual basis for the guilty plea no longer existed, the court concluded that the defendant's sentence was no longer lawful. *See id.* at 208–10. Here, by contrast, Johnson's sentence was not required to be enhanced or mitigated by Landrith's sentence, so subsequent changes to Landrith's sentence do not create a legal or factual insufficiency in Johnson's sentence. Because Johnson's sentence was not predicated on Landrith's sentence, *Szpyrka* does not apply.

Further, the fact that a sentencing disparity exists does not alone violate Arizona or

---

[3] Johnson further objects "to the extent" the Magistrate Judge found the state court decision was on the merits and not entitled to de novo review. (Doc. 30 at 2.) However, the Magistrate Judge *did* apply de novo review, finding that even under the more favorable standard it is "apparent that Johnson's claim fails . . . ." (Doc. 24 at 3 n.1 (citing *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010)). As such, Johnson's objection is overruled.

federal law.[4] While a sentencing judge may consider as a mitigating factor an unexplained sentencing disparity between co-defendants, a disparity alone—even one that existed at the original sentence—does not violate Arizona law. *State v. Forde*, 315 P.3d 1200, 1231 (Ariz. 2014) ("Although an unexplained sentencing disparity between a defendant and an accomplice may be a mitigating circumstance, we cannot say the jury abused its discretion by failing to give weight to the disparity here because one did not yet exist." (citing *State v. Carlson*, 48 P.3d 1180, 1196 (Ariz. 2002))); *Sanchez v. Davis*, 994 F.3d 1129, 1152 (9th Cir. 2021) ("There is no clearly established federal law requiring intra-case proportionality review."). Because the sentencing disparity does not violate Arizona or federal law, Johnson's constitutional right to due process has not been violated. Accordingly, Johnson's first objection is overruled.

### B. Johnson's Eighth Amendment Claim is untimely and not entitled to equitable tolling.

Johnson next objects to the Magistrate Judge's finding that his Eighth Amendment claim is time-barred and not entitled to equitable tolling. (Doc. 30 at 8–13.) Johnson asserts that the habeas statute of limitations for a newly recognized right runs from the time the right is made retroactive. (*Id.* at 9.) Thus, he asserts his petition is timely because the clock did not start until the Supreme Court decided *Montgomery* in 2016, and not when the right was initially recognized by *Miller* in 2012. (*Id.*) Johnson further asserts that the Supreme Court's statutory interpretation in *Dodd v. United States*, 545 U.S. 353 (2005) should not be applied here, and such application would violate the Suspension Clause, the Equal Protection Clause, and the cannon of constitutional avoidance. (*Id.* at 9–11.)

Johnson's claim is subject to a one-year limitations period, which runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively

---

[4] Johnson objects that the R&R "frames its analysis as if [Johnson] is seeking state law correction," when he also alleges the sentencing disparity violates his federal constitutional right to due process. (Doc. 30 at 4.) This Court, like the Magistrate Judge, reviewed Johnson's constitutional claim.

applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). The Supreme Court in *Dodd* interpreted a nearly identical statute to mean the clock starts on the day the right is initially recognized, not the date it is made retroactive. 545 U.S. at 357–58 (28 U.S.C. § 2255(f)(3) "identifies *one date and one date only* as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'").

As Johnson points out, the statute analyzed in *Dodd* governs post-conviction relief under § 2255, not a habeas petition under § 2244. However, applying *Dodd's* statutory interpretation here does not violate the Suspension Clause.[5] The Suspension Clause directs that "the privilege of the writ of habeas corpus shall not be suspended . . . ." U.S. Const. art. I, § 9, cl. 2. Procedural limitations—such as a statute of limitations—that do not "render[] the remedy of habeas corpus 'inadequate or ineffective'" do not violate the Suspension Clause. *See Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir. 2000) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)) (the "one-year statute of limitations does not constitute a per se violation of the Suspension Clause" "because it is not jurisdictional and may be subject to equitable tolling."). While the *Dodd* Court acknowledged the "potential for harsh results" by limiting the applicant's time to file a motion, the Court reasoned that when "the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." 545 U.S. at 359. Here, the nearly identical text is also plain, and its disposition limiting the time to file a habeas petition is not absurd.

Further, many circuit courts and the District of Arizona have applied *Dodd's* interpretation to § 2244(d)(1)(C). *See In re Rosado*, 7 F.4th 152, 157 (3d Cir. 2021) (applying *Dodd's* reasoning to an untimely *Miller* claim); *In re Phillips*, 879 F.3d 542, 549 (4th Cir. 2018) (applying *Dodd's* reasoning to a successive habeas petition raising a *Miller* claim); *Steilman v. Michael*, 859 Fed. App'x 123, 125 (9th Cir. 2021) (unpublished)

---

[5] Johnson asserts the Magistrate Judge's analysis is also at odds with the Equal Protection Clause. (*Id.* at 11.) Because Johnson was not denied due process or equal protection of the laws, his objection is overruled.

- 5 -

(applying *Dodd's* reasoning to an untimely *Miller* claim); *Kerl v. Shinn*, No. CV 21-00196-SPL (MTM), 2024 WL 4828498, at *3 (D. Ariz. Sept. 24, 2024), *report and recommendation adopted*, CV-21-00196-PHX-SPL, 2024 WL 4827449, at *1 (D. Ariz. Nov. 19, 2024). As such, applying *Dodd's* statutory interpretation in this matter does not violate the Constitution or the cannon of constitutional avoidance. Absent equitable tolling, Johnson's petition is untimely.

Johnson further objects to the Magistrate Judge's finding that he did not show the due diligence or extraordinary circumstances required to equitably toll the limitations period. (Doc. 30 at 11–13.) A petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Johnson has neither established that he diligently pursued his rights nor that extraordinary circumstances prevented him from timely filing his petition in this Court. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000))). Therefore, Johnson is not entitled to equitable tolling, and his Eighth Amendment claim is time-barred.[6]

### C. Johnson's sentence does not violate the Eighth Amendment.

Finally, Johnson objects to the Magistrate Judge's finding on de novo review that his alleged de facto life-without-parole sentence, imposed when he was a minor, does not violate the Eighth Amendment. (Doc. 30 at 13–16.) While Johnson acknowledges that he may be released when he is sixty-three years old, he nevertheless contends that his consecutive sentences are the functional equivalent of a life sentence without the possibility of parole because "it denies [him] a meaningful opportunity for a life outside of prison walls." (Doc. 1 at 83.) Johnson urges the Court not to adopt the "narrow definition which

---

[6] However, even if Johnson's Eighth Amendment claim was entitled to equitable tolling, his claim would still fail on the merits as discussed below.

- 6 -

limits *de facto* [life without the possibility of parole] to only sentences which extend beyond a defendant's life expectancy;" but, he fails to cite any Arizona or Ninth Circuit precedent to support his theory. (*Id.* at 83–86.) Nor could this Court find any. To the contrary, the Supreme court has never held that such a sentence for a juvenile, which is not a life sentence without the possibility of parole (or even its direct equivalent), is unconstitutional. Indeed, the Supreme Court has distinguished a lengthy term of years sentence for a juvenile offender, finding it impliedly constitutional, from a mandatory sentence of life without parole, which it found unconstitutional. *See Miller*, 567 U.S. at 489; *see also Demirdjian v. Gipson*, 832 F.3d 1060, 1076–77 (9th Cir. 2016) (a juvenile's life sentence that allowed for the possibility of parole at age sixty-six "arguably does not 'share [any] characteristics with death sentences,' and thus does not necessarily trigger *Miller's* requirements." (quoting *Miller*, 567 U.S. at 474) (quotation omitted)). Because Johnson's claim is not cognizable under *Miller* and because there is no clearly established Supreme Court law supporting this claim, relief may not be granted. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006) (the absence of Supreme Court holdings addressing the factual circumstances of the case precludes relief on the merits because the state court ruling could not be contrary to or an unreasonable application of federal law).

Moreover, even if Johnson's sentence was the functional equivalent of a life sentence without the possibility of parole, his claim would still fail because his sentence was imposed in compliance with *Miller* and its progeny. As the Court in *Jones v. Mississippi* clarified, "*Miller* held that a State may not impose a mandatory life-without-parole sentence on a murderer under 18," and that a sentencer must consider a juvenile's "youth and attendant characteristics" before imposing a discretionary life sentence. 593 U.S. 98, 108, 118 (2021) (quoting *Miller*, 567 U.S. at 483). "*Montgomery* later held that *Miller* applies retroactively on collateral review." *Id.* at 118. In Johnson's case, as the Magistrate Judge identified, the trial court had discretion to impose a lesser sentence. (Doc. 15-2 at 154, 169.) Further, the court expressly considered Johnson's "age and maturity." (*Id.* at 169–170.) While the court did not make a finding of "irreparable corruption," the

Court in *Jones* expressly concluded that such a finding is not an "eligibility criterion" for a life-without-parole sentence. 593 U.S. at 108. As such, Johnson's sentence was not imposed in a manner proscribed by *Miller* and its progeny. Johnson's objection is overruled.

**III.    Conclusion**

The Court has reviewed the filings in this case, including Johnson's Petition for a Writ of Habeas Corpus under § 2254 (Doc. 1), Respondent's Response (Doc. 15), Johnson's Reply (Doc. 22), the R&R (Doc. 24), Johnson's Objection (Doc. 30), and Respondents' Response (Doc. 31). Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court agrees with the Magistrate Judge's findings and adopts the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 24.)

**IT IS FURTHER ORDERED** that Petitioner John Johnson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 15th day of August, 2025.

Honorable Angela M. Martinez
United States District Judge